B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>District of Utah | Voluntary Petition<br>AMENDED |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Santiago, Jose Angel** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Santiago, Sarai** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-7351** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-4735** |
| Street Address of Debtor (No. and Street, City, and State):<br>**2426 W 960 N**<br>**Provo, UT**  ZIP Code **84601** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**2426 W 960 N**<br>**Provo, UT**  ZIP Code **84601** |
| County of Residence or of the Principal Place of Business:<br>**Utah** | County of Residence or of the Principal Place of Business:<br>**Utah** |
| Mailing Address of Debtor (if different from street address):  ZIP Code | Mailing Address of Joint Debtor (if different from street address):  ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor** (Form of Organization) (Check one box)
- ■ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity** (Check box, if applicable)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ■ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

**Filing Fee** (Check one box)
- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter)*.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**
- ■ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

**Estimated Assets**

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(4/10) **- AMENDED** Page 2

| **Voluntary Petition** | Name of Debtor(s): |
| --- | --- |
| *(This page must be completed and filed in every case)* | **Santiago, Jose Angel** <br> **Santiago, Sarai** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) |||
| --- | --- | --- |
| Location <br> Where Filed: **Utah Bankruptcy Court** | Case Number: <br> **10-24768** | Date Filed: <br> **4/14/10** |
| Location <br> Where Filed: **Utah Bankruptcy Corut** | Case Number: <br> **03-26829** | Date Filed: <br> **4/18/03** |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
| --- | --- | --- |
| Name of Debtor: <br> **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** <br> (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| --- | --- |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** **/s/ Robert S. Payne**          **October 22, 2010** <br> Signature of Attorney for Debtor(s)          (Date) <br> **Robert S. Payne** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(4/10)  **- AMENDED**  **Page 3**

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Santiago, Jose Angel**<br>**Santiago, Sarai** |
|---|---|

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X  /s/ Jose Angel Santiago**
Signature of Debtor  **Jose Angel Santiago**

**X  /s/ Sarai Santiago**
Signature of Joint Debtor  **Sarai Santiago**

Telephone Number (If not represented by attorney)

**October 22, 2010**
Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Attorney***

**X  /s/ Robert S. Payne**
Signature of Attorney for Debtor(s)

**Robert S. Payne 08629**
Printed Name of Attorney for Debtor(s)

**Lincoln Law Center, LLC**
Firm Name

**921 West Center**
**Orem, UT 84057**

Address

**Email: help@lincolnlaw.com**
**801-224-8282  Fax: 800-584-6826**
Telephone Number

**October 22, 2010**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

B6I (Official Form 6I) (12/07)

In re **Jose Angel Santiago**
**Sarai Santiago**
Debtor(s)

Case No. **10-30980**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |
| **Married** | **Daughter**<br>**Daughter**<br>**Mother**<br>**Father** | **13**<br>**16**<br>**74**<br>**79** |

| **Employment:*** | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Interpreter** | |
| Name of Employer | **Lionbridge** | **Self Employed Baby Sitter** |
| How long employed | **9 Months** | |
| Address of Employer | | |

**\*See Attachment for Additional Employment Information**

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ **1,892.00** | $ **0.00** |
| 2. Estimate monthly overtime | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | $ **1,892.00** | $ **0.00** |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes and social security | $ **137.00** | $ **0.00** |
|     b. Insurance | $ **0.00** | $ **0.00** |
|     c. Union dues | $ **0.00** | $ **0.00** |
|     d. Other (Specify): | $ **0.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ **137.00** | $ **0.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ **1,755.00** | $ **0.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ **0.00** | $ **1,620.00** |
| 8. Income from real property | $ **0.00** | $ **0.00** |
| 9. Interest and dividends | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ **0.00** | $ **0.00** |
| 11. Social security or government assistance (Specify): **Food Stamps** | $ **668.00** | $ **0.00** |
|     **Fathers SSI** | $ **300.00** | $ **0.00** |
| 12. Pension or retirement income | $ **0.00** | $ **0.00** |
| 13. Other monthly income (Specify): | $ **0.00** | $ **0.00** |
| | $ **0.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ **968.00** | $ **1,620.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ **2,723.00** | $ **1,620.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ **4,343.00** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

**B6I (Official Form 6I) (12/07)**

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

**B6I (Official Form 6I) (12/07)**

In re **Jose Angel Santiago / Sarai Santiago**
Debtor(s)

Case No. **10-30980**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S) - AMENDED
## Attachment for Additional Employment Information

| Debtor | |
|---|---|
| Occupation | |
| Name of Employer | |
| How long employed | |
| Address of Employer | |

| Debtor | |
|---|---|
| Occupation | **Interpreter** |
| Name of Employer | **Language Line Services** |
| How long employed | **12 Years** |
| Address of Employer | |

B6J (Official Form 6J) (12/07)

In re **Jose Angel Santiago**
**Sarai Santiago**                                                                                          Case No.  **10-30980**
                                        Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S) - AMENDED

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | **1,505.86** |
|   a. Are real estate taxes included?    Yes ___    No **X** | | |
|   b. Is property insurance included?    Yes ___    No **X** | | |
| 2. Utilities:  a. Electricity and heating fuel | $ | **160.00** |
|     b. Water and sewer | $ | **20.00** |
|     c. Telephone | $ | **160.00** |
|     d. Other **Cable TV** | $ | **144.00** |
| 3. Home maintenance (repairs and upkeep) | $ | **25.00** |
| 4. Food | $ | **752.69** |
| 5. Clothing | $ | **100.00** |
| 6. Laundry and dry cleaning | $ | **5.00** |
| 7. Medical and dental expenses | $ | **50.00** |
| 8. Transportation (not including car payments) | $ | **200.00** |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | **60.00** |
| 10. Charitable contributions | $ | **0.00** |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | **0.00** |
|     b. Life | $ | **16.45** |
|     c. Health | $ | **0.00** |
|     d. Auto | $ | **170.00** |
|     e. Other | $ | **0.00** |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) | $ | **0.00** |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | **0.00** |
|     b. Other | $ | **0.00** |
|     c. Other | $ | **0.00** |
| 14. Alimony, maintenance, and support paid to others | $ | **0.00** |
| 15. Payments for support of additional dependents not living at your home | $ | **0.00** |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | **100.00** |
| 17. Other | $ | **0.00** |
|     Other | $ | **0.00** |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | **3,469.00** |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---|
| a.  Average monthly income from Line 15 of Schedule I | $ | **4,343.00** |
| b.  Average monthly expenses from Line 18 above | $ | **3,469.00** |
| c.  Monthly net income (a. minus b.) | $ | **874.00** |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH

IN RE: **Jose Angel Santiago**
**Sarai Santiago**
SSN: **xxx-xx-7351**
**xxx-xx-4735**

CASE NO.: **10-30980**
CHAPTER 13

CHAPTER 13 PLAN
AND MOTION TO VALUE COLLATERAL AND TO AVOID LIENS UNDER 11 USC § 506

☐ Original ☒ Amended Date **October 21, 2010**

**YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully and discuss them with your attorney. If you disagree with any provision of this plan or any motion made below, you must file with the bankruptcy court a timely written objection. Unless a written objection is filed before the deadline stated in the** *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines*, **the court may grant the motion(s) and confirm the plan without further notice or hearing.**

**VALUATION OF SECURED CLAIMS AND DETERMINATION OF INTEREST RATE. With respect to secured claims listed in paragraphs 3.A and 3.B, the value of such creditor's collateral shall be that set forth in the Value column of paragraph 3.A and the Proposed Secured Claim Amount in paragraph 3.B, unless an objection to confirmation of this plan is timely filed. The filing of a proof of claim asserting a different value will not be deemed to constitute an objection. If the columns for Value or the Proposed Secured Claim Amount are left blank, the allowed secured claim amount shall be determined using the applicable provisions of the Bankruptcy Code and Bankruptcy Rules (hereinafter the "Claim Allowance Process"). The interest rate to be paid on any secured claim shall be that set forth in the plan unless an objection is timely filed.**

**ALLOWANCE OF OTHER CLAIMS. The amount of all other allowed claims to be paid through the Plan shall be determined pursuant to the Claims Allowance Process, unless a timely objection to the plan is filed. However, creditors must timely file a proof of claim before the Trustee will disburse on any allowed claim under the confirmed plan.**

1. **PAYMENT AND LENGTH OF PLAN**
A. Debtor[s] shall pay $ **649.00** per month to the Chapter 13 trustee starting on the first date set for the meeting of creditors held pursuant to 11 U.S.C. § 341 and continuing thereafter on the 25th day of each following month for approximately **1** months
B. Other payments to Trustee: **$649.00 per month for 1 months, then $874.00 per month for 59 months** .
C. Check applicable length: (i) ☐ The number of months necessary to pay required distributions under paragraphs set forth below in this Plan, estimated at ____ months; (ii) ☐ Not less than 36 months to be extended as necessary to pay required distributions under paragraphs 2 - 7 below; or (iii) ☒ 60 months. Cause exists to extend the length of the plan beyond three years.

2. **TRUSTEES PERCENTAGE FEE** Prior to or at the time of disbursements under this plan, the trustee may collect the percentage fee allowed under 28 U.S.C. § 586(e).

3. **SECURED CLAIMS PAID BY THE TRUSTEE**

**A. MOTIONS TO VALUE COLLATERAL AND TO VOID LIENS UNDER 11 U.S.C. § 506**
Debtor moves to value the collateral of creditors as indicated below. Trustee shall pay allowed secured claims the value indicated or the amount of the claim, whichever is less. The portion of any allowed claim that exceeds the value indicated shall be treated as an unsecured claim. Debtor moves to void the lien of any creditor listed below as having collateral with "NO VALUE."

| Creditor | Collateral | Scheduled Debt | Value | Interest Rate | Monthly Pmt. |
|---|---|---|---|---|---|
| -NONE- | | | | | |

**B. SECURED CLAIMS NOT SUBJECT TO 11 U.S.C. § 506** Pursuant to 11 U.S.C. § 1325(a), the claims listed below are not subject to 11 U.S.C. § 506 and shall be paid in the amount of the Proposed Secured Claim Amount specified below, in accordance with the terms set forth below:

| Creditor | Collateral | Proposed Secured Claim Amount (if less than claim) | Estimated Claim Amount | Interest Rate | Monthly Pmt. |
|---|---|---|---|---|---|
| **State Farm Fncl Svcs F** | 2002 Mitsubishi Eclipes Miles: 79,000 | | 8,452.32 | 7.00 | 178.21 |
| **Utah County Assesor** | Taxes | | 4,000.99 | 10.00 | 91.52 |
| **Wells Fargo** | 2006 Mazda MPV Miles: 79,000 | | 16,729.79 | 7.00 | 352.74 |

If the above column for the proposed secured claim amount is left blank, the secured claim amount to be paid shall be the entire amount of the allowed secured claim. The portion of any allowed claim that exceeds the secured claim amount specified above shall be treated as an unsecured claim. **The debtor proposes that the affected creditors accept the treatment specified above. FAILURE OF A CREDITOR TO TIMELY FILE A WRITTEN OBJECTION TO THIS PLAN PRIOR TO CONFIRMATION SHALL CONSTITUTE ACCEPTANCE OF BOTH THE PLAN AND THE TREATMENT OF ITS CLAIM AS SET FORTH THEREIN.**

**C. ADEQUATE PROTECTION** Pursuant to Standing Order No. 2 and Amended LBR 2083-1(b), the trustee is authorized to commence before confirmation of the plan making adequate protection payments in the monthly payment amount specified in paragraphs 3A and 3B above to any creditor listed above who has filed a proof of claim. The Trustee is permitted to collect a percentage fee on such funds. If such funds are not disbursed prior to the dismissal or conversion of the case, the trustee may disburse such adequate protection payments following dismissal or conversion. If the plan provides that the debtor shall make payments directly to a secured creditor, the debtor shall make adequate protection payments on such claim as provided in 11 U.S.C. § 1326(a)(C). Unless otherwise provided in the plan, any pre-confirmation lease payments shall be made directly by the debtor and not by the trustee.

**D. ADMINISTRATIVE PROVISIONS REGARDING SECURED CLAIMS** Notwithstanding any contrary interest rate stated in the proof of claim, the Trustee shall pay interest on such claims at the rate specified above, and if no interest rate is so specified, the interest rate shall be 7%. The Trustee shall pay interest from the effective date of the confirmation order and unless otherwise specified in paragraph 10(d) below, no interest will accrue from the petition date to the confirmation date. To the extent there are not sufficient funds available after the payment of amounts entitled to payment under a higher order of distribution to make the full monthly payments set forth in this plan, then the Trustee shall make a pro-rata distribution, based on the monthly payment amounts, of available funds on all claims specified in paragraphs 3.A, 3.B and any regular monthly payment made under paragraph 7.(a).

**4. DEBTOR ATTORNEY FEES** Subject to any further fee applications, the plan requests allowance of attorney fees in the amount of $ __2,750.00__ ; of which $ __2,424.00__ remains unpaid. Unless otherwise specified in paragraphs 10(c) or 10(d) below, allowed fees shall be paid by the Trustee from funds available after the distribution provided in paragraphs 3.A – 3.C above and before disbursement to any other class of claims.

**5. PRIORITY CLAIMS**
Subject to the provision for the payment of debtor attorney fees set forth above, allowed claims entitled to priority under 11 U.S.C. § 507(a), including allowed administrative expense claims and domestic support obligations, will be paid in full in the order of priority set forth in section 507(a), unless otherwise specified in paragraphs 10(c) or 10(d) below. The estimated total amount of such priority claims is $ __0.00__ .

**6. NON-PRIORITY UNSECURED CLAIMS**
(a) Not Separately Classified. Allowed non-priority unsecured claims shall be paid:
  ☐ Not less than $___ to be distributed pro rata.
  ☒ Not less than __0__ percent.
  ☐ Pro rata distribution from any funds remaining.
(b) Separately classified unsecured claims.

| Creditor | Basis for classification | Treatment | Amount |
|---|---|---|---|
| **-NONE-** | | | |

### 7. CURING DEFAULT AND MAINTAINING PAYMENTS

(a)  The Trustee shall pay allowed claims for arrearages, and the <u>Trustee</u> shall pay regular postpetition monthly payments to these creditors:

| Creditor | Collateral or Type of Debt | Estimated Arrearage | Interest Rate (Arrearage) | Monthly Arrearage Payment | Regular Monthly Payment |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

(b)  The Trustee shall pay allowed claims for arrearages, and the <u>debtor</u> shall pay regular postpetition monthly payments directly to these creditors:

| Creditor | Collateral or Type of Debt | Estimated Arrearage | Interest Rate (Arrearage) | Monthly Arrearage Payment | Regular Monthly Payment |
|---|---|---|---|---|---|
| **Hsbc/ms** | **Personal Residence 2426 W 960 N Provo, UT 84601** | 9,030.00 | 0.00 | 158.42 | 0.00 |

### 8. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All executory contracts and unexpired leases are rejected, except the following are assumed:

| Creditor | Property Description / Treatment by Debtor |
|---|---|
| **-NONE-** | |

### 9. COLLATERAL SURRENDERED AND RELIEF FROM THE AUTOMATIC STAY

The debtor surrenders the following collateral to the secured creditor. Upon entry of the confirmation order, the automatic stay is lifted as to the collateral, which will, among other rights, permit the secured creditor to exercise its set off rights with respect to the surrendered collateral.

| Creditor | Collateral to be Surrendered |
|---|---|
| **Aqua Finance Inc** | **InstallmentSalesContract** |

The Trustee shall make no distribution on any secured claim related to the surrendered collateral. The allowed amount of any unsecured deficiency claim will be any unsecured amount stated in the claim or any amendment thereto, provided, however, if a creditor fails to file any required amended claim for an unsecured deficiency within 180 days after the petition date, the claim will be deemed paid in full, and the Trustee will not make any distributions to such creditor. Any allowed unsecured claim will be paid pursuant to paragraph 6 of this plan.

### 10. OTHER PLAN PROVISIONS AND MOTIONS

**(a)  Lien retention.** Allowed secured claim holders retain liens until the earlier of the payment of the underlying debt determined under applicable nonbankruptcy law or the entry of discharge under 11 U.S.C. §1328
**(b)  Payment Notices.** Creditors and lessors provided for above in sections 7 or 8 may continue to mail customary notices or coupons to the debtor or Trustee notwithstanding the automatic stay.
**(c)  Order of distribution.** (check appropriate option)
If no monthly payment is specified, payments will be paid pro rata within the designated distribution level and payments to claims in a particular distribution level will be paid in full before distribution to claims in a lower distribution level. If monthly payments are specified, such monthly payments must be current, but such claim need not be paid in full, before distribution to a Class specified in a lower distribution level.
The trustee shall pay allowed claims in the order set forth below.

☒ (1) Trustee's Percentage Fee under paragraph 2; (2) Secured Creditor Payments specified in Paragraph 3 and any regular post-petition monthly payments required to be made by the Trustee under paragraph 7(a); (3) Attorney fees under paragraph 4; (4) Claims entitled to priority under 11 U.S.C. §507(a)(1); (5) Arrearage payments under paragraph 7; (6) Remaining priority claims specified under paragraph 5; (7) Non-priority unsecured claims specified under paragraph 6; (8) Other distributions required by the plan;
**or**

☐ In lieu of the distribution order specified above, the Trustee shall pay allowed claims in the following order: (1) Trustee's percentage fee under paragraph 2;
**(d)  Other Plan provisions:**
**(1)    Any order confirming this plan shall constitute a binding determination that the debtor has timely filed all of the information required under 11 U.S.C. § 521(a)(1).**

**(2)** Any allowed secured claim filed by a taxing authority not otherwise provided for by this plan shall be paid in full at the same distribution level as arrearage claims provided for under paragraph 7, with interest at the rate set forth in the proof of claim or at  0  % per annum if no interest rate is specified in the proof of claim. Interest will run from ☐ (a) the petition filing date; or ☐ (b) the confirmation date.

**(3)** In regards to paragraph 9, the Trustee shall make no distribution on any secured claims not subject to 11 U.S.C. §506, or rather on any claim deemed as a "910 Claim," related to the surrendered collateral. Upon surrender, the claim shall be deemed paid in full. If the collateral surrendered is secured with a "Non-910 Claim," Court shall allow 180 days for creditor to file an unsecured non-priority claim and treated as such under this, the Debtor's Chapter 13 Plan.

**(4)** Unless otherwise ordered by the Court, the debtor shall pay into the plan all tax refunds in excess of $1,000.00 per year to which the debtor becomes entitled or actually receive during the three-year period starting with the first scheduled meeting of creditors under  § 341.  The debtor shall not be obligated to pay over tax refunds that have been properly offset by a taxing authority.  The payment of tax refunds into the plan may shorten the plan term but to not less that thirty-six (36) monthly payments, unless it is a 100% plan.  Pursuant to procedures established by the Chapter 13 Trustee, the Debtor will annually provide the Trustee with copies of their state and federal tax returns during this three-year period.

Signed:  **/s/ Robert S. Payne**
Attorney for Debtor (or Debtor(s)
if not represented by an attorney)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF UTAH

In re: **Jose Angel Santiago**
**Sarai Santiago**

Debtor(s).

Case No. **10-30980**
Chapter **13**
Trustee:

## AMENDMENT DECLARATION

Please circle or underline amended material when appropriate.

1. PETITION ___ REOPENING: Yes ___ No ___ CONVERSION(13 to 7)  Yes ___ No ___
   **When changing debtor's address, please file separate change of address form.**
   **When amending, please submit the changes/additions only!**

2. SCHEDULES:   A ___   B ___   C ___   D ___   E ___   F ___   G ___   H ___   I **x**   J **x**
   Are you changing the address, amounts, etc., or adding a creditor?
   **Changing** ___ **Adding** ___ ($26.00 amendment fee required for D, E, & F; OR ___ IFP Waiver)

3. AMENDED AMOUNTS/TOTALS OF SCHEDULES: ___
4. STATEMENT OF AFFAIRS: ___
5. AMENDED CHAPTER 13 PLAN:   **x**

If you have amended schedules D, E, F by adding a creditor, you owe $26.00 amendment fee. Fee attached ___

If schedules D, E, F were amended but no creditors added or adding a listed creditor's attorney, no fee necessary.
No fee attached ___
**Reason no fee is attached** ___

**It is the debtor's responsibility to notify additional creditors by sending a 341 notice and/or Discharge Order to the creditors added to the schedules/matrix.**
A certificate of mailing to creditors should be filed with the Clerk's office (see below).

I declare under penalty of perjury that the information provided in this attached amendment is true and correct.

| /s/ Jose Angel Santiago | October 21, 2010 | /s/ Sarai Santiago | October 21, 2010 |
|---|---|---|---|
| **Jose Angel Santiago** | Date | **Sarai Santiago** | Date |
| Debtor | | Joint Debtor | |

U.S. Trustee's Office and Trustee in the case supplied copies of amendment(s)?  Yes _  No _
**/s/ Robert S. Payne**

**Robert S. Payne**
ATTORNEY FOR DEBTOR(S)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, to creditors of this estate as follows (please mark the appropriate lines(s):

        ___ 341 Notice to creditors added by this amendment.
        ___ Discharge Notice to creditors added by this amendment.
        ___ Amended Chapter 13 Plan to all creditors.

**October 21, 2010**                                    **/s/ Robert S. Payne**
DATED                                                   **Robert S. Payne**
                                                        ATTORNEY FOR DEBTOR(S)